Coleman Watson, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
coleman@watsonllp.com

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |  |
|---|---|---|
| CODING TECHNOLGIES, LLC, | § § § | |
| Plaintiff, | § § § | Case No.: 8:17cv 2402 23 AAS |
| vs. | § § | **COMPLAINT** |
| MASONITE CORPORATION, | § § | **INJUNCTIVE RELIEF DEMANDED** |
| Defendant. | § § § | **JURY TRIAL DEMANDED** |
|  | § § § | |

Plaintiff, CODING TECHNOLGIES, LLC, sues Defendant, MASONITE

CORPORATION, and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for infringement of United States Patent No. 8,540,159

under the Patent Act, 35 U.S.C. § 271, *et seq.*, based on Defendant's unauthorized

commercial manufacture, use, importation, offer for sale, and sale of infringing products

and services in the United States.

## PARTIES

2.     Plaintiff, CODING TECHNOLOGIES, LLC, is a foreign limited liability

company, organized under the laws of the State of Texas.

3.    Defendant, MASONITE CORPORATION, is a foreign corporation with its headquarters located in Tampa, Florida.  Defendant uses, sells, and/or offers to sell products and services in interstate commerce that infringe the '159 Patent.

### SUBJECT MATTER JURISDICTION

4.    This court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves a federal question relating to patents.

### PERSONAL JURISDICTION

5.    The court has general *in personam* jurisdiction over Defendant because Defendant is a citizen of the State of Florida and is found in this state.

### VENUE

6.    Venue is proper in this court, pursuant to 28 U.S.C. § 1400(b), because Defendant has committed acts of infringement in this district and has a regular and established place of business in this district.

### COUNT I
### PATENT INFRINGEMENT

7.    Plaintiff repeats and re-alleges paragraphs 2 through 6 by reference, as if fully set forth herein.

8.    On September 24, 2013, the United States Patent & Trademark Office (USPTO) duly and legally issued the '159 Patent, entitled "Method for Providing Mobile Service Using Code Pattern."  A true and authentic copy of the '159 Patent is attached hereto as **Exhibit "A"** and incorporated herein by reference.

9.     The '159 Patent teaches a method and apparatus for providing a mobile service with the use of code pattern.

10.     The '159 Patent is directed to computerized decoding technologies to provide users with access to and use of various content more conveniently.  Traditionally, companies simply provided their URL information to the consuming public, but this is effective only if a consumer memorized the name and spelling of the URL.  Thus, there was a need in the art to provide an effective product or method to assist consumers with recalling website or URL information.

11.     The '159 Patent claims, among other things, a method of providing content with the use of code pattern by a user terminal; a user terminal for providing content with the use of code pattern; a non-transitory machine-readable storage medium having encoded thereon program code; and, a method of providing content with the use of an image captured by a user terminal.

12.     Collectively, the claimed embodiments in the '159 Patent provide new solutions to problems related to transmitting information from a mobile service provider to a mobile device.

13.     The '159 Patent solves a problem with the art that is rooted in computer technology that uses mobile service providers.  The '159 Patent does not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.

14.     Plaintiff is the assignee of the entire right, title, and interest in the '159 Patent at the USPTO, including the right to assert causes of action arising under the '159

Patent.

15.     Upon information and belief, Defendant has and continues to directly infringe, contributorily infringe, or actively induce the infringement of the '159 Patent by making, using (including by at least internally testing the Accused Products as defined herein), selling, offering for sale, importing in the United States, including this judicial district, a user terminal designed to capture certain code pattern information and convert same into embedded content, which embodies or uses the invention claimed in the '159 Patent (the "Accused Products"), all in violation of 35 U.S.C. § 271.

16.     The Accused Products infringe at least claims 1, 2, 3, 8, 9, 10, 15, and 16 of the '159 Patent.

### *Claim 1*

17.     Through claim 1, the '159 Patent claims a method of providing content with the use of a code pattern by a user terminal, the method comprising: obtaining a photographic image of a code pattern by a camera of the user terminal; processing, by a processor of the user terminal, the photographic image of the code pattern to extract the code pattern from the photographic image; decoding the extracted code pattern by the processor of the user terminal into code information; transmitting a content information request message to a server based on the code information; and receiving content information from the server in response to the content information request message.

18.     Defendant infringes claim 1.

19.     Defendant, at least in internal use and testing, practices a method of providing content (*e.g.*, a web page associated with the defendant) with the use of a code

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

pattern (*e.g.*, a QR code) by a user terminal (*e.g.*, a smartphone), as demonstrated in the following images:

## SIMPLY DESIGN YOUR
# PERFECT MATCH
### WITH **Max**

Xpress Configurator™

Our Max¹ configurator tool takes the guesswork out of buying a door. Upload a photo of your home, browse thousands of door styles and glass options and create your dream door online in just a few clicks.

# 3 MORE OPTIONS

Experiment with our Max¹ configurator to create the ideal door for your home.



Scan the QR code & start creating your perfect match right away



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

20.     Defendant, at least in internal use and testing, obtains a photographic image of a code pattern (*e.g.*, QR code) by a camera of the user terminal (*e.g.*, smartphone), as shown below:

 

21.     Defendant, at least in internal use and testing, processes by a processor of the user terminal (*e.g.*, smartphone), the photographic image of the code pattern (*e.g.*, QR code) to view and extract the code pattern from the photographic image, as shown below:

iPhone 7                                                                 Overview

Chip



A10 Fusion chip with 64-bit architecture

Embedded M10 motion coprocessor

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688





# Scan the QR code & start creating your perfect match right away.

22.     Defendant, at least in internal use and testing, decodes the extracted code pattern by the processor of the user terminal from the QR code into code information (*e.g.*, URL of web page associated with the defendant), as shown below:

  

**QR-Code**       **Scan**       **Decode**       **Action**



23.     Defendant, at least in internal use and testing, transmits a content information request message (*e.g.*, http request message for accessing the webpage associated with Defendant) to a server (*e.g.*, Defendant's server) based on the code information (*e.g.*, URL of the webpage associated with Defendant).  As shown below,

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

once the URL is decoded from the extracted QR code, a request for accessing a webpage associated with Defendant is sent to Defendant's server.








**QR-Code**      **Scan**      **Decode**      **Action**

24.      Defendant, at least in internal use and testing, receives content information (*e.g.*, a web page associated with Defendant) from the server (*e.g.*, Defendant's server) in

response to the content information request message (*e.g.*, http request message for accessing the webpage associate with Defendant).  As shown below, the terminal (*e.g.*, smartphone) receives content information (*e.g.*, webpage associated with Defendant).

   

| QR-Code | Scan | Decode | Action |



1

2

### *Claim 2*

25.     Through claim 2, the '159 Patent claims the method of claim 1, wherein the content information comprises at least one of the following: image, sound, moving picture, and text data.

26.     Defendant infringes claim 2.

27.     Defendant uses a user terminal to receive content information that comprises image and text data, as shown below:



### *Claim 3*

28.     Through claim 3, the '159 Patent claims the method of claim 1, wherein the transmitting a content information request message includes: extracting a uniform resource locator (URL) of the server from the code information; and transmitting the

content information request message to the server based on the extracted URL.

29.     Defendant infringes claim 3.

30.     Defendant transmits a content information request message (*e.g.*, http request message for accessing the webpage associate with Defendant) which includes extracting URL of the server and transmitting the content information request message (*e.g.*, http request message for accessing the webpage associate with Defendant) to the server (*e.g.*, Defendant's server) based on the extracted URL.

### *Claim 8*

31.     Through claim 8, the '159 Patent claims a user terminal for providing content with the use of a code pattern, the user terminal comprising: a camera configured to obtain a photographic image of a code pattern; a processor comprising: an image processor configured to process the photographic image of the code pattern to extract the code pattern from the photographic image; and a decoder configured to decode the extracted code pattern into code information; and a transceiver configured to (i) transmit a content information request message to a server based on the code information; and (ii) receive content information from the server in response to the content information request message.

32.     Defendant infringes claim 8.

33.     Defendant, at least in internal use and testing, uses a user terminal (*e.g.*, smartphone) for providing content (*e.g.*, a web page associated with Defendant) with the use of a code pattern (*e.g.*, QR code).

34.     Defendant uses a user terminal comprising a camera configured to obtain a

photographic image of a code pattern (*e.g.*, QR code).

35. Defendant uses a user terminal comprising a processor which in turn comprises an image processor configured to process the photographic image of the code pattern (*e.g.*, QR code) to extract the code pattern (*e.g.*, QR code) from the photographic image. Once the photographic image of the QR code is captured by the camera of the smartphone, the photographic image is processed to retrieve the QR code. The retrieved QR code can be viewed on the user interface screen of the smartphone.

36. Defendant uses a user terminal (*e.g.*, smartphone) comprising a decoder that is configured to decode the extracted code pattern (*e.g.*, QR code) into code information (*e.g.*, URL of web page associated with Defendant).

37. Defendant uses a user terminal comprising a transceiver (*e.g.*, FDD-LTE/TDD -LTE/CDMA//EDGE transceiver) which is configured to transmit or receive a content information request message (*e.g.*, http request message for accessing the webpage associated with Defendant) to a server (*e.g.*, Defendant's server) based on the code information (*e.g.*, URL of the webpage associated with Defendant). As shown below, once the URL is decoded from the extracted QR code, a request or response for accessing a webpage associated with Defendant is sent to Defendant's server by means of transceiver of the smartphone:

iPhone 7

Overview   iOS   Tech Specs

**Cellular and Wireless**

| | | |
|---|---|---|
| Model A1660* Model A1661* | FDD-LTE (Bands 1, 2, 3, 4, 5, 7, 8, 12, 13, 17, 18, 19, 20, 25, 26, 27, 28, 29, 30) | |
| | TD-LTE (Bands 38, 39, 40, 41) | |
| | TD-SCDMA 1900 (F), 2000 (A) | |
| | CDMA EV-DO Rev. A  (800, 1900, 2100 MHz) | |
| | UMTS/HSPA+/DC-HSDPA (850, 900, 1700/2100, 1900, 2100 MHz) | |
| | GSM/EDGE (850, 900, 1800, 1900 MHz) | |
| Model A1778* Model A1784* Model A1778 and A1784 do not support CDMA networks, such as those used by Verizon and Sprint. | FDD-LTE (Bands 1, 2, 3, 4, 5, 7, 8, 12, 13, 17, 18, 19, 20, 25, 26, 27, 28, 29, 30) | |
| | TD-LTE (Bands 38, 39, 40, 41) | |
| | UMTS/HSPA+/DC-HSDPA (850, 900, 1700/2100, 1900, 2100 MHz) | |
| | GSM/EDGE (850, 900, 1800, 1900 MHz) | |



   

**QR-Code**       **Scan**        **Decode**        **Action**

*Claim 9*

38.    Through claim 9, the '159 Patent claims the user terminal of claim 8, wherein the content information comprises at least one of the following: image, sound, moving picture, and text data.

39.    Defendant infringes claim 9.

40.    Defendant uses a user terminal to receive content information that comprises image and text data.

*Claim 10*

41.    Through claim 10, the '159 Patent claims the user terminal of claim 8, wherein: the processor is further configured to extract a uniform resource locator (URL) of the server from the code information; and the transceiver is further configured to transmit the content information request message to the server based on the extracted URL.

42.    Defendant infringes claim 10.

43.    Defendant uses a user terminal (*e.g.*, smartphone) that is configured to extract a uniform resource locator (URL) of the server (*e.g.*, Defendant's server) from the

code information (*e.g.*, URL of web page associated with Defendant).

44.    Defendant uses a user terminal (*e.g.*, smartphone) comprising a transceiver configured to transmit the content information request message (*e.g.*, http request message for accessing the webpage associate with Defendant) to the server (*e.g.*, Defendant's server) based on the extracted URL.

### *Claim 15*

45.    Through claim 15, the '159 Patent claims a non-transitory machine-readable storage medium, having encoded thereon program code, wherein, when the program code is executed by a machine, the machine implements a method for providing content with the use of a code pattern by a user terminal, comprising the steps of: obtaining a photographic image of a code pattern by a camera of the user terminal; processing, by a processor of the user terminal, the photographic image of the code pattern to extract the code pattern from the photographic image; decoding the extracted code pattern by the processor of the user terminal into code information; transmitting a content information request message to a server based on the code information; and receiving content information from the server in response to the content information request message.

46.    Defendant infringes claim 15.

47.    Defendant, at least in internal use and testing, practices a method of providing content (*e.g.*, a webpage associated with Defendant) with the use of a code pattern (*e.g.*, a QR code) by a user terminal (*e.g.*, a smartphone).

48.    Defendant, at least in internal use and testing, obtains a photographic

image of a code pattern (*e.g.*, QR code) by a camera of the user terminal (*e.g.*, smartphone).

49. Defendant, at least in internal use and testing, uses a processor of the user terminal (*e.g.*, smartphone) to processes the photographic image of the code pattern (*e.g.*, QR code) to extract the code pattern from the photographic image.

50. Defendant, at least in internal use and testing, decodes the extracted code pattern by the processor of the user terminal into code information (*e.g.*, URL of web page associated with Defendant).

51. Defendant, at least in internal use and testing, transmits and receives a content information request message (*e.g.*, http request message for accessing the webpage associated with Defendant) to and from a server (*e.g.*, Defendant's server) based on the code information (*e.g.*, URL of the webpage associated with Defendant).

### *Claim 16*

52. Through claim 16, the '159 Patent claims a method of providing content with the use of an image captured by a user terminal, the method comprising: obtaining a photographic image by a camera of the user terminal; processing, by a processor of the user terminal, the photographic image to extract characteristic information from the photographic image; transmitting a content information request message with the extracted characteristic information to a server; and receiving content information from the server in response to the content information request message.

53. Defendant infringes claim 16.

54. Defendant, at least in internal use and testing, practices a method of

providing content (*e.g.*, a webpage associated with Defendant) with the use of a code

pattern (*e.g.*, a QR code) by a user terminal (*e.g.*, a smartphone).

      55.     Defendant, at least in internal use and testing, obtains a photographic

image of a code pattern (*e.g.*, QR code) by a camera of the user terminal (*e.g.*,

smartphone).

      56.     Defendant, at least in internal use and testing, processes by a processor of

the user terminal (*e.g.*, smartphone), the photographic image of the code pattern (*e.g.*, QR

code) to extract characteristic information from the photographic image.

      57.     Defendant, at least in internal use and testing, transmits and receives a

content information request message (*e.g.*, http request message for accessing the

webpage associated with Defendant) to or from a server (*e.g.*, Defendant's server) based

on the extracted characteristic information (*e.g.*, URL of the webpage associated with

Defendant).

      58.     Upon information and belief, Defendant has known of the existence of the

'159 Patent, and its acts of infringement have been willful and in disregard for the '159

Patent, without any reasonable basis for believing that it had a right to engage in the

infringing conduct.

      59.     Defendant's acts of infringement of the '159 Patent have caused and will

continue to cause Plaintiff damages for which Plaintiff is entitled to compensation

pursuant to 35 U.S.C. § 284.

      60.     Defendant's acts of infringement of the '159 Patent have caused and will

continue to cause Plaintiff immediate and irreparable harm unless such infringing

activities are also enjoined by this court pursuant to 35 U.S.C. § 283.  Plaintiff has no

adequate remedy at law.

61.     Upon information and belief, the '159 Patent, at all times material, was

and is in compliance with 35 U.S.C. § 287.

62.     Plaintiff retained the law firm of WATSON LLP to represent its interests

in this action, and is obligated to pay such firm reasonable attorneys' fees for its services.

Plaintiff may recover its attorneys' fees and costs from Defendant, pursuant to 35 U.S.C.

§ 285, because this case is exceptional.

WHEREFORE, Plaintiff, CODING TECHNOLOGIES, LLC, demands

judgment against Defendant, MASONITE CORPORATION, and respectfully seeks the

entry of an order (i) adjudging that Defendant has infringed the '159 Patent, in violation

of 35 U.S.C. § 271; (ii) granting an injunction enjoining Defendant, its employees,

agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and

all of those in active concert and participation with any of the foregoing persons or

entities from infringing, contributing to the infringement of, or inducing infringement of

the '159 Patent; (iii) ordering Defendant to account and pay damages adequate to

compensate Plaintiff for Defendant's infringement of the '159 Patent, with pre-judgment

and post-judgment interest and costs, pursuant to 35 U.S.C. § 284; (iv) ordering that the

damages award be increased up to three times the actual amount assessed, pursuant to 35

U.S.C. § 284; (v) declaring this case exceptional and awarding Plaintiff its reasonable

attorneys' fees, pursuant to 35 U.S.C. § 285; and, (vi) awarding such other and further

relief as this court deems just and proper.

1

2

3      **DATED** on October 10, 2017

4                                          Respectfully submitted,

5                                          /s/

6                                          **Coleman W. Watson, Esq.**
                                           Florida Bar. No. 0087288
7                                          California Bar No. 266015
                                           Georgia Bar No. 317133
8                                          New York Bar No. 4850004
                                           Email: coleman@watsonllp.com
9                                                  docketing@watsonllp.com
                                           **Alberto T. Montequin, Esq.**
10                                         Florida Bar No. 0093795
                                           Email: alberto@watsonllp.com
11                                         **Ronika J. Carter, Esq.**
                                           Florida Bar No. 0122358
12                                         Email: ronika@watsonllp.com

13                                         **WATSON LLP**
                                           189 S. Orange Avenue
14                                         Suite 810
                                           Orlando, FL 32801
15                                         Tel: (407) 377-6634 / Fax: (407) 377-6688

16
                                           *Attorneys for Plaintiff,*
17                                         CODING TECHNOLOGIES, INC.

18

19

20

21

22

23

24

25